IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **MICHELLE R. CORWIN,** | ) | **CASE NO. C2 04 870** |
| | ) | |
| Plaintiff, | ) | **JUDGE HOLSCHUH** |
| | ) | |
| V. | ) | **JOINT MOTION FOR STAY** |
| | ) | **PENDING ARBITRATION** |
| **H&R BLOCK MORTGAGE CORP.,** | ) | |
| **ET AL.,** | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq., Plaintiff Michelle R. Corwin ("Plaintiff") and Defendants H&R Block Mortgage Corp. ("H&R Block"), Option One Mortgage Corp. and Shane Miller hereby jointly move this Court for an order staying all proceedings in this action pending arbitration of Plaintiff's claims pursuant to the parties' arbitration agreement.

This case involves a mortgage loan from H&R Block to Plaintiff. As part of the loan paperwork, Plaintiff signed an arbitration agreement which states in pertinent part:

> [I]f you and we are not able to resolve our differences informally, you and we agree that any dispute, regardless of when it arose, shall be settled, at your option or ours, by arbitration in accordance with this Agreement. Judgment on the arbitrator's award may be entered in a court having jurisdiction. This Agreement shall also apply to any dispute with our agents, successors or assigns.
>
> * * *
>
> For purposes of this Agreement, a dispute is any claim or controversy of any nature whatsoever arising out of or in any way related to the Loan, or any other aspect of the Loan transaction; the arranging of the Loan, any application, inquiry or attempt to obtain the Loan; any Loan Documents; the servicing of the Loan; or any other aspect of the Loan transaction. It includes, but is not limited to, federal or state contract, tort, statutory,

> regulatory, common law and equitable claims. Because you and we have agreed to arbitration, both of us are waiving our rights to have disputes resolved in court by a judge or jury.
>
> * * *
>
> Each arbitration, including the selecting of the arbitrator, will be administered by the American Arbitration Association (the "AAA") pursuant to its Commercial Arbitration Rules. Each arbitration will be governed by the Federal Arbitration Act[.] . . . If either party, you or we, fails to submit to arbitration following a proper demand to do so, that party shall bear all costs and expenses, including reasonable attorney's, incurred by the other party compelling arbitration. In all other situations, each party, you or we, shall each bear its own costs and expenses, including Arbitrator's and attorney's fees, that the party incurs with respect to the arbitration.
>
> * * *
>
> The arbitrator shall resolve all disputes according to applicable federal laws and the laws of the state where the property identified below is located (the "State"). The arbitrator shall have the authority to award any remedy or relief that a court in the State could order or grant.

A copy of the Arbitration Agreement is attached as Exhibit A.

The Arbitration Agreement is expressly governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (the "FAA"). Section 2 of the FAA specifically recognizes the validity and enforceability of arbitration agreements and state that such agreements "shall be valid, irrevocable and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract."

Section 3 of the FAA explicitly obligates federal courts to stay proceedings pending arbitration:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under any agreement in writing for such arbitration, the court . . . shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement[.]

Thus, § 3 of the FAA compels a court to stay any action brought upon any issue referable to arbitration "under an agreement in writing for arbitration . . . until the arbitration of the issue has been had in accordance with the agreement . . . ."  This provision is mandatory.  <u>Moses H. Cone Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 26, 74 L. Ed. 2d 765, 103 S. Ct. 927 (1983).

Here, the parties have jointly agreed to submit this matter to arbitration as provided in their arbitration agreement.  On or about October 6, 2004, Defendants initiated arbitration proceedings by filing a Demand for Arbitration with the Arbitration Association of America.  Therefore, pursuant to Section 3 of the FAA, the Court should stay this matter pending completion of the arbitration proceedings.

Respectfully submitted,

VORYS, SATER, SEYMOUR AND PEASE LLP

/s/ Angela K. Reitler
_____
Angela K. Reitler  (0077040)
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008
(614) 464-6200 Telephone
(614) 719-5095 Facsimile
akreitler@vssp.com

Trial Attorney for Defendants
H&R Block Mortgage Corp., Option One Mortgage Corp. and Shane Miller

OF COUNSEL:
Bruce P. Batista  (0063525)
Vorys, Sater, Seymour and Pease LLP
1375 East Ninth Street
Cleveland, Ohio 44114
(216) 479-6100 Telephone
(216) 479-6060 Facsimile
bpbatista@vssp.com

/s/ Jessica K. Walls per authority
_____
Randy S. Kurek  (0023325)
Jessica K. Walls  (0076761)
ISAAC, BRANT, LEDMAN & TEETOR LLP
250 East Broad Street, Suite 900
Columbus, Ohio 43215
(614) 221-2121

Attorneys for Plaintiff
Michelle R. Corwin